IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-00058-BO

| | | |
|---|---|---|
| THOMAS MILLS, | ) | |
| Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNION SECURITY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Defendant's Motion to Dismiss. Plaintiff filed his complaint on May 10, 2010 claiming disability benefits under the Employment Retirement Income Security Act (ERISA). The Defendant filed its answer and Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) on July 7th, 2010. The Plaintiff did not respond. The Motion to Dismiss regards Plaintiff's claim for a jury trial, extra-contractual compensatory damages, and breach of fiduciary duty. This Motion is GRANTED.

Discussion

Plaintiff's following claims have failed to state a claim upon which relief can be granted. Claims seeking benefits under employee benefit plans as well as claims for breach of fiduciary duty are equitable in character and not entitled to a jury trial. Phelps v. C.T. Enterprises, Inc., 394 F.3d 213, 222 (4th Cir. 2005). The Plaintiff also seeks extra-contractual compensatory damages. Such damages are not available under ERISA. Massachusetts Mut. Life Ins. Co. v. Russell, 473 U.S. 134 (1985). Even if the Court was to adopt the minority view allowing such recovery

for malicious conduct, the Plaintiff has not sufficiently alleged such conduct. Finally, a breach of fiduciary claim in an ERISA action is only available for injuries that do not find adequate redress in ERISA's other provisions. Here, Plaintiff can seek adequate relief through review of her disability benefit claim under 29 U.S.C. §1132.

As there is no basis in law for the aforementioned claims, they are dismissed. Plaintiff may proceed with his remaining claims.

SO ORDERED, this 14 day of September, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE